UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID ENRIQUEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2782 |
| § | |
| HSBC BANK USA NATIONAL § | |
| ASSOCIATION, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER OF DISMISSAL**

**I.**

Before the Court is the defendants', HSBC Bank USA, N.A., as Trustee for Fremont Home Loan Trust 2006-A and Ocwen Loan Sevicing LLC, motion to dismiss the plaintiffs', David Enriquez and Trisha Enriquez, petition and application for a restraining order brought pursuant to Federal Rules of Civil Procedure 12(b)(6). The Court has reviewed the defendants' motion and the plaintiffs' original petition [no response on file] and determines that the motion should be granted.

**II.**

In March of 2006, the plaintiffs executed a note and deed of trust in favor of Fremont Home Loan on a house that they purchased in Brazos County, Texas. When Trisha Enriquez became ill and lost her job, the plaintiffs failed to timely pay their mortgage as promised. In the meantime, Ocwen purchased Fremont Home's loan portfolio. Thereafter, Ocwen and/or Fremont Home sold the plaintiffs' mortgage to HSBC. In January of 2012, after the note was declared to be in default, the plaintiffs began efforts to modify or refinance their mortgage. The plaintiffs submitted a loan modification package and, according to the plaintiffs, were verbally

informed that their loan modification had been approved.  In the meantime, HSBC foreclosed on the property and, thereafter, refused to accept the plaintiffs' note payments.

## III.

The plaintiffs contend that the defendant wrongfully foreclosed on the property, breached contract obligations to the plaintiffs, committed statutory fraud by making a false representation concerning the status of their modification packet, committed slander of title, trespass to try title, negligence and gross negligence and failed to account for the plaintiffs' payments and any sale proceeds.

The defendants dispute the plaintiffs' assay of the defendants' conduct in handling the plaintiffs' delinquent mortgage.  The defendants contend that the plaintiffs' original petition fails to state sufficient facts that, if accepted as true, constitute a plausible suit or claim.  In this regard, the defendants label the plaintiffs' pleadings as merely conclusionary, failing to state facts that adequately support the legal claims asserted.  Hence, they argue, the plaintiffs' suit should be dismissed pursuant to FRCP 12(b)(6) and the supporting case law on these type issues.

## IV.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).  In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.)  Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are] enough to raise a

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965.

**V.**

A motion to dismiss directs a Court to a plaintiff's pleadings to substantiate that, in fact, the plaintiff has alleged sufficient facts necessary to support the claim(s) asserted. *Twombly*, 127 S.Ct. at 1965.   In the case at bar, the Court has engaged in this exercise and finds the following, pursuant to the defendants' motion:

a)   the plaintiffs failed to allege facts necessary to support a claim for wrongful foreclosure, including facts identifying a grossly inadequate sale price caused by an alleged defect in the foreclosure sale. The plaintiffs also failed to allege facts demonstrating that they suffered damages from the foreclosure;

b)   the plaintiffs failed to sufficiently allege facts showing that the defendants breached a contract with them. Specifically, they failed to allege facts supporting the existence of a contract. Further, even if the plaintiffs had sufficiently pleaded facts supporting the existence of a contract, this claim is barred by the statute of frauds;

(c)   the plaintiffs failed to state a claim for statutory fraud because there is no cause of action for statutory fraud between mortgagors and mortgagees, and no sale of land occurred between the plaintiffs and the defendants.  Further, the plaintiffs' claim is barred by the statute of frauds. Alternatively, the plaintiffs failed to sufficiently allege facts showing that the defendants committed fraud because they have failed to identify with particularity (i) the identity of the person who made the misrepresentations, and (ii) what that person obtained thereby;

(d)   the plaintiffs failed to sufficiently allege facts supporting a cause of action for slander of title because they failed to allege the loss of a specific sale;

(e)   the plaintiffs failed to sufficiently plead a cause of action for trespass to try title because they have failed to sufficiently plead facts in support of the claims necessary to establish their claim of superior title; and

  (f)  the plaintiffs have failed to sufficiently plead a cause of action for negligence or gross negligence because there is no duty owed to them by the defendants.

Based on these findings and the absence of sufficient pleading or a response, the Court concludes that the defendants' motion should be granted. Therefore, the defendants' motion to dismiss is, hereby, Granted.

It is so Ordered.

SIGNED at Houston, Texas this 25th day of October, 2012.

            _____
            Kenneth M. Hoyt
            United States District Judge